TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

FENG LIN,
*on behalf of himself and others similarly situated*,
                                                            Plaintiff,


                              v.                                              **Case No. 17-cv-3043**

QUALITY WOODS, INC.                                    **29 U.S.C. § 216(b) COLLECTIVE**
        d/b/a Quality Woods;                                **ACTION AND FED. R. CIV. P.**
D C CABINET FACTORY INC.                          **23 CLASS ACTION**
        d/b/a Quality Woods;
METROPOLITAN CABINET FACTORY, INC.    **COMPLAINT**
        d/b/a Quality Woods;
AOTIN TRADING INC.
        d/b/a Quality Woods;
CHAMPION CABINET, INC.
        d/b/a Quality Woods;
WEI GAO;
WEI ZHAN CHEN a/k/a Dean Chen;
DING CHEN; and
JAMES WANG,
                                                            Defendants.

------------------------------------------------------------------x

        Plaintiff FENG LIN, (hereinafter referred to as "Plaintiff"), on behalf of himself and

others similarly situated, by and through his attorneys, Troy Law, PLLC, hereby bring this

complaint against Defendants QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET

FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a

Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; CHAMPION CABINET, INC.

d/b/a Quality Woods; WEI GAO; WEI ZHAN CHEN a/k/a Dean Chen; DING CHEN; and

JAMES WANG (hereinafter referred to as "Defendants").

# <u>INTRODUCTION</u>

1.      This action is brought by Plaintiff, on behalf of himself as well as other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law ("NYLL") N.Y. C.L.S. Labor and implementing New York Codes, Rules, and Regulations ("NYCRR"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, minimum wage for each hour worked, overtime for all hours worked in excess of forty (40) in each workweek, and spread-of-hours for all hours worked in excess of ten (10) in each workday.

3.      Defendants willfully failed to record all of the time that Plaintiff and similarly situated employees work or worked, including time worked in excess of forty (40) hours per week and ten (10) hours per day.

4.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime, (3) the full portion of the tips illegally retained by Defendants, (4) liquidated damages; (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

5.      Plaintiff further alleges pursuant to the NYLL N.Y. C.L.S. Labor § 650 *et seq.* and NYCRR 12 N.Y.C.R.R. § 142 that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime; (3) unpaid spread-of-hours; (4) liquidated damages equal to one hundred percent (100%) of the sum of unpaid minimum wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (5) up to

five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire

Notice detailing rates of pay and payday; (6) up to five thousand dollars ($5,000.00) per Plaintiff

for Defendants' failure to provide paystubs that accurately and truthfully listed each employee's

hours along with the employee's name, employer's name, employer's address and telephone

number, employee's rate or rates of pay, any deductions made from the employee's wages, any

allowances claimed as part of the minimum wage, and the employee's gross and net wages for

each pay day; (7) nine percent (9%) simple prejudgment interest as provided by the New York

Civil Practice Law and Rules ("CPLR") N.Y.C.P.L.R. § 5004, (8) post-judgment interest, and (9)

attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29

U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims

pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 391(b) and

(c), because Defendants conduct business in this District, and the acts and omissions giving rise

to the claims herein alleged took place in this District.

## PLAINTIFF

8.      Plaintiff FENG LIN ("LIN") was employed by QUALITY WOODS, INC. d/b/a Quality

Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET

FACTORY, INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and

CHAMPION CABINET, INC. d/b/a Quality Woods located at 1340 Metropolitan Avenue,

Brooklyn, NY 11237 as a carpenter.

## DEFENDANTS

*Corporate Defendants*

9.      Defendant QUALITY WOODS, INC. d/b/a Quality Woods is a domestic business corporation organized under the laws of the State of New York with a principal address at 1340 Metropolitan Avenue, Brooklyn, NY 11237.

10.      QUALITY WOODS, INC. d/b/a Quality Woods is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

11.      QUALITY WOODS, INC. d/b/a Quality Woods purchased and handled goods moved in interstate commerce.

12.      Defendant D C CABINET FACTORY INC. d/b/a Quality Woods is a domestic business corporation organized under the laws of the State of New York with a principal address at 1340 Metropolitan Avenue, Brooklyn, NY 11237.

13.      D C CABINET FACTORY INC. d/b/a Quality Woods is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

14.      D C CABINET FACTORY INC. d/b/a Quality Woods purchased and handled goods moved in interstate commerce.

15.      Defendant METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods is a domestic business corporation organized under the laws of the State of New York with a principal address at 1340 Metropolitan Avenue, Brooklyn, NY 11237.

16.      METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

17.      METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods purchased and handled goods moved in interstate commerce.

18.     Defendant AOTIN TRADING INC. d/b/a Quality Woods is a domestic business

corporation organized under the laws of the State of New York with a principal address at 1340

Metropolitan Avenue, Brooklyn, NY 11237.

19.     AOTIN TRADING INC. d/b/a Quality Woods is a business engaged in interstate

commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

20.     AOTIN TRADING INC. d/b/a Quality Woods purchased and handled goods moved in

interstate commerce.

21.     Defendant CHAMPION CABINET, INC. d/b/a Quality Woods is a domestic business

corporation organized under the laws of the State of New York with a principal address at 1340

Metropolitan Avenue, Brooklyn, NY 11237.

22.     CHAMPION CABINET, INC. d/b/a Quality Woods is a business engaged in interstate

commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

23.     CHAMPION CABINET, INC. d/b/a Quality Woods purchased and handled goods moved

in interstate commerce.

24.     At all relevant times, the work performed by Plaintiff was directly essential to the

business operated by Corporate Defendants doing business as Quality Woods.

*Individual Defendants*

25.     The Individual Defendants are officers, directors, managers, and/or majority shareholders

or owners of the Corporate Defendants and being among the ten largest shareholders, are

individually responsible for unpaid wages under the New York Business Corporation Law. N.Y.

C.L.S. BSC § 630(a).

26.     WEI GAO (1) had the power to hire and fire employees, (2) supervised and controlled

employee work schedules and conditions of employment, (3) determined employee rates and

methods of payment, and (4) maintained employee records at QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET, INC. d/b/a Quality Woods.

27.     WEI GAO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET, INC. d/b/a Quality Woods.

28.     WEI ZHAN CHEN a/k/a Dean Chen (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET, INC. d/b/a Quality Woods.

29.     WEI ZHAN CHEN a/k/a Dean Chen acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET, INC. d/b/a Quality Woods.

30.     DING CHEN (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET, INC. d/b/a Quality Woods.

31.     DING CHEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET, INC. d/b/a Quality Woods.

32.     JAMES WANG (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET, INC. d/b/a Quality Woods.

33.     JAMES WANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality

Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods; AOTIN

TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET, INC. d/b/a Quality Woods.

34.     Plaintiff have fulfilled all conditions precedent to the institution of this action and/or

conditions have been waived.

## STATEMENT OF FACTS

*Corporate Defendants QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET, INC. d/b/a Quality Woods are successor employers; in the alternative, they are joint employers*

35.     Corporate Defendants QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET

FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a

Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET,

INC. d/b/a Quality Woods are considered the same employer under the New York Anti-Shirt

Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in

substantially the same work in substantially the same working conditions under substantially the

same supervisors."

36.     All corporations do business as Quality Woods, at the same location, and are owned by the

same Defendants.

37.     In the alternative, they are joint employers, indistinguishable from one another, in its

business practices, business goals, employees hired and paid.

38.     Defendants committed the following alleged acts knowingly, intentionally and willfully

against the Plaintiffs, the FLSA Collective, and the Class.

39.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and

similarly situated employees at least the New York minimum wage for each hour worked.

40.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

41.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawful overtime of one and one half time (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

42.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawful spread of hours for each working day of Plaintiffs and similarly situated employees that lasted longer than ten (10) hours.

43.     At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiffs' hours worked and wages paid.

44.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

45.     At all relevant times, when a customer left the restaurant without paying, Defendants would use servers' tips from previous customers to cover the bill.

46.     At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiffs and similarly situated employees notice that they were claiming tip credit towards Plaintiffs' and similarly situated employees' minimum wage.

47.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notices reflecting rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

48.     Defendants knew that the nonpayment of the minimum wage, that the nonpayment of overtime, and the nonpayment of New York's spread of hours would financially injure Plaintiffs and similarly situated employees, and violate state and federal laws.

49.     At all relevant times, Defendants failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

*Plaintiff FENG LIN*

50.     From on or about March 1, 2015, to May 28, 2016, Plaintiff FENG LIN worked for QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET, INC. d/b/a Quality Woods located at 1340 Metropolitan Avenue, Brooklyn, NY 11237 as a carpenter.

51.     Plaintiff's job duties as a carpenter included cutting wood and assembling pieces of wood furniture, including cabinets.

52.     Plaintiff LIN was not given any written notice regarding his schedule or pay rate to read, or any employment agreement to sign, before beginning his employment.

53.     From on or about March 1, 2015, to May 28, 2016, Plaintiff LIN's regular work schedule ran from 09:00 to 18:00, then from 18:30 to 21:00, for eleven and one-half (11.5) hours per day, Mondays through Saturdays.

54.     Approximately two (2) times over the course of his employment, Plaintiff LIN was required to work on Sundays. Plaintiff LIN's work schedule on those Sundays he was required to work ran from 09:00 to 18:00, then from 18:30 to 21:00, for eleven and one-half (11.5) hours.

55.     On weeks when Plaintiff LIN worked his regularly-scheduled hours, Plaintiff LIN worked approximately sixty-nine (69) hours per week.

56.     On weeks when Plaintiff LIN worked Sunday in addition to his regularly-scheduled hours, Plaintiff LIN worked approximately eighty and one-half (80.5) hours per week.

57.     During the course of his employment, Plaintiff LIN would take a single meal break per day, taking as little as fifteen (15) minutes and never more than twenty (20) minutes to eat.

58.     During the course of his employment, Plaintiff LIN was not informed of his hourly pay rate.

59.     At all relevant times, Plaintiff LIN was paid at a flat rate of three thousand eight hundred dollars ($3,800.00) per month.

60.     At all relevant times, Plaintiff LIN was paid in cash.

61.     During the course of his employment, Plaintiff LIN was not given a receipt or pay stub with his payment.

62.     During the course of his employment, Defendants willfully failed to keep records of Plaintiff LIN's hours worked.

63.     During the course of his employment, Plaintiff LIN was not paid at least one and one-half (1.5x) the minimum wage or his calculated hourly wage, whichever was greater, for hours worked in excess of forty (40) per week.

64.     During the course of his employment, Plaintiff LIN was not paid New York's spread of hours premium for workdays that began and ended more than ten (10) hours apart.

## COLLECTIVE ACTION ALLEGATIONS

65.     Plaintiff bring this action individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were

not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty (40) per week (the "Collective Action Members.")

<b><u>CLASS ACTION ALLEGATIONS</u></b>

66.     Plaintiff brings his NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

67.     All said persons, including Plaintiff, are referred to herein as the "Class."

68.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

69.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class, employed over the course of the Class Period.

*Commonality*

70.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendant employed Plaintiff and the Class members within the meaning of the NYLL;

b.     Whether Plaintiff and the Class members were entitled to and paid minimum wage under the NYLL;

c.     Whether Plaintiff and the Class members were entitled to and paid overtime under the NYLL;

d.     Whether Defendants maintained a policy, pattern, and/or practice of failing to pay Plaintiff and the Class members spread of hours pay as required by the NYLL and NYCRR;

e.     Whether Defendants maintained a policy, pattern, and/or practice of failing to provide requisite statutory meal periods;

f.     Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Class members' employment, or timely thereafter;

g.     Whether Defendants provided paystubs detailing the rates of pay and credits taken toward the minimum wage to Plaintiff and the Class members each payday; and

h.     At what common rate, or rates subject to a common method of calculation were and are Defendants required to pay the Class members for their work.

***Typicality***

71.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate policies of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime. Defendants'

corporate-wide policies and practices affected all Class members similarly, and Defendants

benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff

and other Class members sustained similar losses, injuries, and damages arising from the same

unlawful policies, practices, and procedures.

*Adequacy*

72.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no

interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in representing Plaintiff in both class action and wage-and-hour employment litigation

cases.

*Superiority*

73.     A class action is superior to other available methods for the fair and efficient adjudication

of this controversy, particularly in the context of wage-and-hour litigation where individual Class

members lack the financial resources to vigorously prosecute a lawsuit against corporate

defendants. Class action treatment will permit a large number of similarly-situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expenses that numerous individual actions engender.

Because the losses, injuries, and damages suffered by each of the individual Class members are

small in the sense pertinent to class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them. Further, important public interests will be served by addressing

the matter as a class action. The adjudication of individual litigation claims would result in a

great expenditure of Court and public resources; however, treating the claims as a class action

would result in a significant saving of these costs. The prosecution of separate actions by

individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common class-wide relief. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

74.     Upon information and belief, Defendants and other employers throughout the state of New York violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**STATEMENT OF CLAIMS**

**COUNT I.**
**[Violations of the Fair Labor Standards Act—Nonpayment of Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

75.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly-situated Collective Action Members, for some or all of the hours they worked.

77.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional amount as liquidated damages.

78.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by failing to compensate Plaintiff and the Collective Action Members at the statutory minimum

wage when they knew or should have known that such was due and that failing to do so would

financially injure Plaintiff and the Collective Action Members.

**COUNT II.**
**[Violations of the New York Labor Law—Nonpayment of Minimum Wage**
**Brought on behalf of the Plaintiff and the Rule 23 Class]**

79.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

80.    At all relevant times, Plaintiff were employed by Defendants within the meaning of

NYLL N.Y. C.L.S. Labor §§ 2 and 651.

81.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory

minimum wage to Plaintiff and the Class for some or all of the hours they worked.

82.    Defendants knowingly and willfully violated Plaintiff's and similarly-situated Class

Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

83.    After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N.

8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount

of any underpayments, for liquidated damages equal to one hundred percent (100%) of the

shortfall plus interest.

**COUNT III.**
**[Violations of the Fair Labor Standards Act—Nonpayment of Overtime**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

84.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

85.    The FLSA provides that no employer engaged in commerce shall employ a covered

employee for a work week longer than forty (40) hours unless such employee receives

compensation for such employment at a rate not less than one and one half times (1.5x) the regular rate at which he is employed, or one and one half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

86.     Defendants' failure to pay Plaintiff and the FLSA Collective overtime violated the FLSA.

87.     At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime at the statutory rate to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA, 29 U.S.C §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

88.     The FLSA and supporting regulations require employers to notify employees of the requirements of the employment law. 29 C.F.R. § 516.4.

89.     Defendants willfully failed to notify Plaintiff and the FLSA Collective of the requirements of their employment laws in order to facilitate their exploitation of Plaintiff's and the FLSA Collective Members' labor.

90.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known that failing to do so would financially injure Plaintiff and the Collective.

### COUNT IV.
**[Violations of the New York Labor Law—Nonpayment of Overtime
Brought on behalf of the Plaintiff and the Rule 23 Class]**

91.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.     After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any

underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

93.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime at one and one half times (1.5x) Plaintiff's and the Class Members' regular hourly rate or the minimum wage, whichever is greater.

94.     Defendants' failure to pay overtime violated the NYLL.

95.     Defendants' failure to pay overtime was not in good faith.

## COUNT V.
### [Violations of the New York Labor Law—Nonpayment of Spread of Hours
### Brought on behalf of the Plaintiff and the Rule 23 Class]

96.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.     12 N.Y.C.R.R. § 142-2.18 requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten (10) hours from the start to the end of the workday, inclusive of any breaks.

98.     At all relevant times, Defendants had a policy and practice of refusing to pay spread of hours.

99.     Defendants' failure to pay Plaintiff and the Class Members spread of hour pay was not in good faith.

## COUNT VI.
### [Violations of the New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of the Plaintiff and the Rule 23 Class]

100.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

101.    The NYLL requires that employers provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day

meal period from 11:00 am to 2:00 pm; an additional meal period between 5:00 pm and 7:00 pm of at least twenty (20) minutes for employees whose shifts started before 11:00 am and continue later than 7:00 pm; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six (6) hours and starts between 1:00 pm and 6:00 am. N.Y. C.L.S. Labor § 162.

102.     Defendants failed to provide meal periods required by NYLL for every day that Plaintiff and the Class Members worked.

103.     Though the Department of Labor Commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

104.     Defendants' failure to provide the meal periods required by NYLL was not in good faith.

## COUNT VII.
### [Violations of the New York Labor Law—Failure to Keep Records
### Brought on behalf of the Plaintiff and the Rule 23 Class]

105.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

106.     Defendants willfully failed to maintain, establish, and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by 12 N.Y.C.R.R. § 142-2.6.

107.     As a result of Defendants' unlawful conduct, Plaintiff have sustained damages including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorneys' fees, pursuant to state law.

108.     Upon information and belief, Defendants failed to maintain adequate written records of actual hours worked and wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

109.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and wages earned by Plaintiff was not in good faith.

### COUNT VIII.
### [Violations of the New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of the Plaintiff and the Rule 23 Class]

110.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111.     NYLL requires employers to provide written notice of: the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances clamed, if any, as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. N.Y. C.L.S. Labor § 195-1(a).

112.     Defendants willfully failed to provide notice to employees in violation of NYLL, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle, and rate of overtime on his or her first day of employment.

113.     Defendants not only did not provide notice to each employee at time of hire, but failed to provide notice even after the fact.

114.     Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, fifty dollars ($50.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to N.Y. C.L.S. § 198(1-b).

## COUNT IX.
### [Violations of the New York Labor Law—Failure to Provide Pay Stub
### Brought on behalf of the Plaintiff and the Rule 23 Class]

115.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

116.     NYCRR requires employers to provide detailed paystub information to employees every payday. 12 N.Y.C.R.R. § 142-2.7.

117.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to the compensation of each Plaintiff, and did not provide paystubs on or after each Plaintiff's payday.

118.     Due to Defendants' violations of NYCRR, Plaintiff is entitled to recover from Defendants, jointly and severally, two hundred fifty dollars ($250.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to N.Y. C.L.S. § 198(1-b).

## COUNT X.
### [Violations of the Internal Revenue Code—Fraudulent Filing of IRS Returns
### Brought on behalf of the Plaintiff]

119.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

120.     26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bright a civil action for damages against the person so filing such a return.

121.     Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs

attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorney's fees.

## COUNT XI.
### [Violations of the New York General Business Law—Deceptive Acts and Practices Brought on behalf of the Plaintiff]

122.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

123.    New York's General Business Law ("NYGBL") N.Y. C.L.S. General Business § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

124.    Due to Defendants' violations of NYGBL, Plaintiff is entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50.00), whichever is greater.

125.    Plaintiff demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Corporate Defendant to recover wages owed as employees of the Corporate Defendant.

## PRAYER FOR RELIEF

126.    WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

      a.    Certification of this case as a collective action pursuant to FLSA;

      b.    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing

individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action members;

c.      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

d.      An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

e.      An award of compensatory damages equal to the unpaid minimum wage, overtime, and spread of hours, and misappropriated tips due to Plaintiffs and the Collective under FLSA, and to Plaintiffs and the Class under the NYLL, plus punitive and/or liquidated damages equal to compensatory damages under the New York Wage Theft Prevention Act for Defendants' willful failure to pay minimum wage, overtime, and spread of hours;

f.      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire notice detailing rates of pay and payday;

g.      Up to five thousand dollars ($5,000.00) per Plaintiff Defendants' failure to provide paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

h.      An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

i.     An award of prejudgment and post-judgment interest;

j.     Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal with no appeal then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL N.Y. C.L.S. Labor § 198(4).

k.     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: May 19, 2017
       Flushing, NY

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

 /s/ John Troy                        
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel (718) 762-1324
johntroy@troypllc.com