**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x
FENG LIN
*on his own behalf and on behalf of others similarly situated*

                                    Plaintiff,

        v.

QUALITY WOODS, INC. d/b/a Quality Woods;
D C CABINET FACTORY INC. d/b/a Quality Woods;
METROPOLITAN CABINET FACTORY, INC d/b/a Quality Woods;
AOTIN TRADING INC. d/b/a Quality Woods; and
CHAMPION CABINET INC. d/b/a Quality Woods;
WEI GAO,
WEI ZHANG CHEN a/k/a Dean Chen,
DING CHEN, and
JAMES WANG

                                Defendants.

**Case No. 17-cv-03043**

------------------------------------------------------------------ x

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT**

---

TROY LAW, PLLC
*Attorney for the Plaintiff*
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324

# **Table of Contents**

Table of Authorities .................................................................................................................... ii

Preliminary Statement.................................................................................................................1

    I.    PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT .........................................4

    II.    PLAINTIFF IS ENTITLED TO BACK PAY, LIQUIDATED DAMAGES, THREE YEAR LIMITATIONS PERIOD UNDER THE FLSA, PREJUDGMENT INTEREST, AND COSTS AND ATTORNEY'S FEES .......................................................................................5

        A.    Back pay ................................................................................................................6

        B.    Three-year limitations period under the FLSA .....................................................8

        C.    Liquated damages under the FLSA and NYLL ....................................................9

        D.    Prejudgment Interest............................................................................................10

        E.    New York Paystub Violation ..............................................................................11

        F.    New York Time of Hire Wage Notice Violation ...............................................11

        G.    Costs and attorney's fees .....................................................................................12

CONCLUSION............................................................................................................................12

# Table of Authorities

**Cases**
*Carter v. Frito-Lay, Inc.*, 425 N.Y.S. 2d 115, 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 438 N.Y.S.2d 80 (1981) ................................................................................................................ 11
*Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ................................................................................................ 6
*Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir. 1994) ......................................... 10
*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) ......................................... 4
*Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836, at *23-24 (S.D.N.Y. June 3, 2005) ......................................................................................................................................... 9
*Fermin v. Las Delicias Peruanas Rest., Inc.*, 2015 U.S.Dist. LEXIS 34457 (E.D.N.Y. Feb. 27, 2015) ......................................................................................................................................... 8
*Gierlinger v. Gleason*, 160 F.3d 858, 874 (2d Cir. 1998); ............................................................ 10
*Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519, at *12 (E.D.N.Y. May 18, 2006). ........................................................................................................................................ 9
*Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011)). .............................................. 10
*McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 176 Misc. 2d 325, 336 (N.Y. County 1997). .................................................................................................................................................. 10
*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). ...................................................... 8
*Reilly v. Natwest Mkts. Group,* 181 F.3d 253, 265 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000). ...................................................................................................................................... 10
*Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)). .................................................. 6
*Zeng Liu v. Jen Chu Fashion Corp*, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. Jan. 7, 2004). ......... 6

**Statutes**
29 U.S.C. § 207 ............................................................................................................................... 6
*29 U.S.C.* § 216 ............................................................................................................................... 9
29 U.S.C. § 255 ............................................................................................................................... 8
29 U.S.C. § 260 ............................................................................................................................... 9
NYLL § 195 .................................................................................................................................. 11
NYLL § 198 ............................................................................................................................. 9, 11
NYLL § 663 ........................................................................................................................ 9, 10, 12

**Regulations**
12 NYCRR § 142-2.2 ..................................................................................................................... 6
Fed. R. Civ. P. 55 ........................................................................................................................... 1
U.S.C. § 206 ................................................................................................................................... 6

Plaintiff through his counsel, John Troy of Troy Law, PLLC, submits this memorandum of law in support of his application for a default judgment pursuant to Fed. R. Civ. P. 55 (b)(2) and Local Rule 55.2(b) against Defendants QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET INC. d/b/a Quality Woods; WEI GAO, WEI ZHANG CHEN a/k/a Dean Chen.

## **Preliminary Statement**

Plaintiff FENG LIN filed a Collection Action and Class Action Complaint in the Eastern District of New York on May 19, 2017. The complaint asserts claims against Defendants for (1) unpaid wages; (2) unpaid overtime, (3) liquidated damages; (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs under the Federal Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 et seq. and (1) unpaid wages, (2) unpaid overtime; (3) unpaid spread-of-hours; (4) liquidated damages equal to one hundred percent (100%) of the sum of unpaid minimum wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (5) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday; (6) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that accurately and truthfully listed each employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from the employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day; (7) nine

percent (9%) simple prejudgment interest as provided by the New York Civil Practice Law and Rules ("CPLR") N.Y.C.P.L.R. § 5004, (8) post-judgment interest, and (9) attorneys' fees and costs under NYLL N.Y. C.L.S. Labor § 650 et seq. and NYCRR 12 N.Y.C.R.R. § 142. The Summons to the Complaint against QUALITY WOODS, INC. d/b/a Quality Woods, D C CABINET FACTORY INC. d/b/a Quality Woods, METROPOLITAN CABINET FACTORY, INC d/b/a Quality Woods, AOTIN TRADING INC. d/b/a Quality Woods, CHAMPION CABINET INC. d/b/a Quality Woods and WEI GAO, WEI ZHANG CHEN a/k/a Dean Chen, DING CHEN, and JAMES WANG was issued on May 19, 2017.

Owner/Operator Defendants WEI GAO, WEI ZHANG CHEN a/k/a Dean Chen, DING CHEN, and JAMES WANG own, operate, and control QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods.

Owner/Operator Defendants WEI GAO, WEI ZHANG CHEN a/k/a Dean Chen, DING CHEN, and JAMES WANG are the Franchisee owner and Principal of QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods. Complaint ¶ 25.

Owner/Operator Defendants WEI GAO, WEI ZHANG CHEN a/k/a Dean Chen, DING CHEN, and JAMES WANG at all relevant times, exercised control of QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods and its day-to-day operations, including the power to hire and fire

Plaintiff, set wages, set terms and conditions of employment, as well as the authority to maintain employment records for Plaintiff. Compl. ¶¶ 26, 28, 30, 32.

Owner/Operator Defendants WEI GAO, WEI ZHANG CHEN a/k/a Dean Chen, DING CHEN, and JAMES WANG, acted intentionally and maliciously and as Plaintiff's employer is jointly and severally liable with QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods Compl. ¶¶ 27, 29, 31, 33.

Upon information and belief, Owner/Operator Defendants WEI GAO, WEI ZHANG CHEN a/k/a Dean Chen, DING CHEN, and JAMES WANG are among the ten largest shareholders of QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods. Compl. ¶ 25. At all times relevant to this action, Defendants QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods were engaged in interstate commerce with sales in excess of $500,000 each year. Am. Compl. ¶¶ 10, 13, 16, 19, 22.

Defendants did not pay Plaintiff at least the minimum wage for all hours worked. Compl. ¶¶ 39; Feng Lin Aff. ¶ 13.

Owner/Operator Defendants WEI GAO, WEI ZHANG CHEN a/k/a Dean Chen, DING CHEN, and JAMES WANG regularly required the Plaintiff to work in excess of 40 hours per week without paying Plaintiff the proper regular rate of pay and overtime wages. Compl. ¶¶ 41;

3

Feng Lin Aff. ¶ 7.

Defendants regularly required the Plaintiff to work in excess of 40 hours per week without paying Plaintiff the proper regular rate of pay and overtime wages. Compl. ¶ ¶ 55-56; Feng Lin Aff. ¶ 6.

Defendants failed to post notices required by the NYLL informing Plaintiff of the requirements of the employment law, or to provide information about employment laws' requirements in other forms. Furthermore, Defendants failed to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime pay every year. Compl. ¶ ¶ 47-49; Feng Lin Aff. ¶ 14-15.

## I.     PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT

It is well settled that defendants who fail to file an answer or otherwise move with respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well- pleaded allegations against the defaulting part") (citation omitted). Defendants QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET INC. d/b/a Quality WoodsWEI GAO, WEI ZHANG CHEN a/k/a Dean Chen have failed to file an Answer or otherwise move in respect to Plaintiff's First Amended Complaint. Thus, Plaintiff's allegations are unchallenged, and consequently the Amended Complaint and affidavits, attached hereto, are sufficient and appropriate for default judgment.

Plaintiff FENG LIN ("LIN") was employed by the QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; and CHAMPION CABINET, INC. d/b/a Quality Woods located at 40 E Merrick Rd, Freeport, NY 11520 as a carpenter. LIN worked for QUALITY WOODS, INC. d/b/a Quality Woods from on or about March 01, 2015 to May 28, 2016. Compl. ¶ 50; Lin Aff ¶ 3-4.

From on or about March 1, 2015, to May 28, 2016, Plaintiff LIN's regular work schedule ran from 09:00 to 18:00, then from 18:30 to 21:00, for eleven and one-half (11.5) hours per day, Mondays through Saturdays, for a total of sixty-nine (69) hours a week. Approximately two (2) times throughout the course of LIN's of employment, he was required to work on Sundays in addition to his regular work schedule. On those weeks, LIN worked a total of eighty and one-half (80.5) hours. LIN was only given on meal break per day that last approximately fifteen (15) minutes, and would never exceed twenty (20) minutes. Compl. ¶¶ 53-57; Lin Aff ¶¶ 5-7.

Under NYCRR 146-3.5 the rate of pay is calculated by dividing the employee's weekly salary "by the lesser of 40 hours or the actual number of hours worked by that employee during the work week. From on or about March 1, 2015, to May 28, 2016, LIN was paid a flat compensation at a rate of three thousand eight hundred dollars ($ 3,800.00) per month. Compl. ¶ 59; Lin Aff ¶ 10.

At all relevant times, LIN was not paid spread-of-hours pay for all days in which LIN worked over ten (10) hours in a workday. Compl. ¶ 64; Lin Aff ¶ 12.

Plaintiff therefore is entitled to judgment by default for: 1) unpaid wages; 2) overtime compensation 3) liquidated damages; 4) pre-judgment interest; and cost and attorney's fees, as provided by the FLSA and the minimum wage laws and regulations of New York.

## II. PLAINTIFF IS ENTITLED TO BACK PAY, LIQUIDATED DAMAGES, THREE YEAR LIMITATIONS PERIOD UNDER THE FLSA, PREJUDGMENT INTEREST, AND COSTS AND ATTORNEY'S FEES

Upon entry of default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). ". . . Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages." *Id*. (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiff submits that the declaration, affidavits and exhibits submitted with this motion obviate the need for a hearing on damages. Based on the evidence the Plaintiff has offered, damages, including back pay, liquidated damages, prejudgment interest, should be awarded.

### A. Back pay

Under the FLSA and New York Labor Law, employees must be paid at least the minimum wage rate for each hour worked, and be paid at least the one-and-one-half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207 (a)(1), U.S.C. § 206 (a)(1), NYCRR § 146-1.2, 12 NYCRR § 142-2.2.

It is the responsibility of the employer to maintain proper records of employees' hours worked, 29 U.S.C. § 211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp*, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. Jan. 7, 2004).

> An employee has carried out his burden [of production under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated[,] and if he produces sufficient evidence to show the amount and extent of that work by just and

6

> reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id*. (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), and other cases).

Under NYCRR 146-3.5 the rate of pay is calculated by dividing the employee's weekly salary "by the lesser of 40 hours or the actual number of hours worked by that employee during the work week.

Plaintiff allege that he was not paid at an hourly minimum wage rate or their equivalent hourly wage rate, for all hours worked.

Moreover, Plaintiff was never paid overtime at the rate of one-and-a-half times their regular rate, or one-and- a-half times the minimum wage, which is higher.

Here, the hourly wage is determined by dividing the flat monthly or weekly compensation by forty hours.  The product of applicable minimum wage rate and the number of hours to which the Plaintiff are owed minimum wage (40 hours) is total minimum wage due each week. *See* Damage Calculation, attached Exhibit 4 to the Declaration of John Troy in Support of Motion for Default Judgment, for full mathematical breakdown.

The difference between the number of hours each Plaintiff works each week and 40 hours is the number of hours to which the Plaintiff is owed overtime compensation. The product of applicable overtime wage rate (1.5 * minimum wage rate) and the number of hours to which the Plaintiff is owed overtime compensation is the total overtime compensation due. *See* Damage Calculation, attached Exhibit 4 to the Declaration of John Troy in Support of Motion for Default Judgment, for full mathematical breakdown.

The product of the number of days per week that Plaintiff worked in which the length

7

of start of the day to the end of the day last longer than ten (10) hours, and the applicable minimum wage rate or the equivalent hourly wage, is the weekly spread-of-hours shortfall due. *See* Damage Calculation, attached Exhibit 3 to the Declaration of John Troy in Support of Motion for Default Judgment, for full mathematical breakdown.

    The difference between the sum of total minimum wage due, the total overtime compensation due and spread-of-hours shortfall, and the actual payment Plaintiff received, is the calculated compensatory damages in period. Additionally, Plaintiff is entitled to NYLL liquidated damages of 100% for hours worked on April 9, 2011 until present day, and prejudgment interest under the NYLL, proposed at a 9% yearly rate. *See* Damage Calculation, attached Exhibit 3 to the Declaration of John Troy in Support of Motion for Default Judgment, for full mathematical breakdown.

## B. Three-year limitations period under the FLSA

    Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two to three years. 29 U.S.C. § 255 (a). 'Willfulness' under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Additionally, when the Plaintiff alleges that the violations complained of were willful, it is enough to trigger the three-year statute of limitations. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 2015 U.S.Dist. LEXIS 34457 (E.D.N.Y. Feb. 27, 2015) (stating that since Plaintiff alleged that Defendants' failure to pay minimum wage was willful, the three-year statute of limitations applied).

    In the present matter, Plaintiff alleged that Defendants' actions were willful. Defendants were aware, or should have been aware of the existence of the FLSA and its overtime

8

requirements. However, the Defendants knew or disregarded the fact that their conduct was prohibited by the FLSA. Defendants willfully violated the FLSA and therefore Plaintiff is entitled to a three-year limitation under the FLSA. *See, e.g.*, *Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836, at *23-24 (S.D.N.Y. June 3, 2005). Furthermore, under the New York Labor Law and Regulations, the limitations period is six years, regardless of willfulness.

N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. *See Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519, at *12 (E.D.N.Y. May 18, 2006).

### C. **Liquated damages under the FLSA and NYLL**

Liquidated damages in the amount of 100% of the unpaid wages under the FLSA are mandatory. *See*, 29 U.S.C. § 216(b) ("any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216 (b).

"The NYLL now provides for a liquidated damages award 'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" *Id.* (quoting NYLL § 198 (1-a)). The pre-amendment willfulness standard is the same as the FLSA's willfulness standard. *Id.* ("the NYLL willfulness' standard under the pre-amendment

9

provision 'does not appreciably differ from the FLSA's willfulness standard'") (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011)). The post-amendment good-faith standard is the same as the FLSA's good-faith standard for liquidated damages.

Given the uncontroverted evidence of Defendants' willfulness and lack of good faith, the Plaintiff is entitled to liquidated damages under the New York Labor Law. The New York Labor Law was amended effective April 9, 2011, increasing the recoverable amount of liquidated damages for unpaid wages to 100 percent; thus liquidated damages under the New York Labor Law are computed at 100% of the unpaid wages. NYLL § 663(1).

Because Plaintiff may not recover both FLSA and NYLL liquidated damages for overlapping periods of time, *Choudhury v. Hamza Express Food Corp.*, 666 Fed. Appx. 59 (2d Cir. 2016) (rejecting cumulative recovery under FLSA and NYLL), and because this is a motion for default judgment, Plaintiff requests only NYLL liquidated damages on his own behalf.

### D. Prejudgment Interest

Plaintiff also seeks an award of prejudgment interest on the New York law claims for unpaid minimum wages and overtime wages. Under New York law, the court may award prejudgment interest pursuant to N.Y. C.P.L.R. § 5001 on an award of back pay. See *McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 176 Misc. 2d 325, 336 (N.Y. County 1997). Under New York law, prejudgment interest compensates the plaintiff for the defendant's interest-free use of the plaintiff's money. *See Gierlinger v. Gleason*, 160 F.3d 858, 874 (2d Cir. 1998); *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir. 1994); *Reilly v. Natwest Mkts. Group,* 181 F.3d 253, 265 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000). In addition, under New York law, prejudgment interest can be awarded in addition to

10

liquidated damages. This is because under New York law liquidated damages are considered a penalty, a sanction for willfully failing to pay wages. *Carter v. Frito-Lay, Inc.*, 425 N.Y.S. 2d 115, 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 438 N.Y.S.2d 80 (1981).  Under N.Y. C.P.L.R. § 5004, Plaintiff is entitled to a prejudgment interest rate of nine percent per annum simple interest.

### E.  New York Paystub Violation

The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d). Defendants failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff. Due to Defendants' violations of New York Labor Law, Plaintiff who worked after February 27, 2015 is entitled to recover from Defendants, jointly and severally, $250.00 for each workday the violations occurred or continued to occur, up to $5,000.00 per plaintiff. NYLL § 198(1-d). Plaintiff worked more than 20 workdays and is entitled to the maximum of $5,000.00.

### F.  New York Time of Hire Wage Notice Violation

The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of

11

employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment. Due to Defendants' violations of New York Labor Law, Plaintiff who worked after February 27, 2015 are entitled to recover from Defendants, jointly and severally, $50.00 for each workday the violations occurred or continued to occur, up to $5,000.00 per plaintiff. NYLL § 198(1-d). Plaintiff worked more than 100 workdays, and is thus entitled to $5,000.00 each.

### G. Costs and attorney's fees

FLSA and NYLL both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("the court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663 (1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

### CONCLUSION

For the reasons stated above and in the accompanying affirmation, affidavit, and exhibits, the Plaintiff's application for default judgment should be granted in its entirety. The Plaintiff should be awarded judgment against Defendants QUALITY WOODS, INC. d/b/a Quality Woods; D C CABINET FACTORY INC. d/b/a Quality Woods; METROPOLITAN CABINET FACTORY, INC d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; ; and CHAMPION CABINET INC. d/b/a Quality WoodsWEI GAO, WEI ZHANG CHEN a/k/a Dean Chen, jointly and severally, **$87,368.10**, including compensatory damages, permissible liquidated damages and penalties of violations arising under the New York Labor Law ("NYLL"); plus prejudgment interest pursuant to CPLR § 5001, accruing at the nine percent (9%) per annum rate set forth in CPLR § 5004 from March 01, 2015 to entry of judgment, in the amount

of **$9,363.88**, plus post-judgment interest pursuant to 28 U.S.C. § 1961, and $**28,467.48** in attorney's fees and costs to the date of the entry of judgment.  Prejudgment interest continues to run and should ultimately be computed through the date judgment is entered.

Dated: Flushing, NY
      June 21, 2018

                          TROY LAW, PLLC

                          /s/ John Troy
                          John Troy (JT0481)