**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
FENG LIN,
*on his own behalf and on behalf of others similarly*                      <u>Case No.</u> 17-cv-03043
*situated*

                                 Plaintiff,

             v.

QUALITY WOODS, INC.
    d/b/a Quality Woods; and
CHAMPION CABINET INC.
    d/b/a Quality Woods;
WEI GAO

                           Defendants.
--------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR ATTORNEYS' FEES AND COSTS

TROY LAW, PLLC
John Troy
41-25 Kissena Boulevard, Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
troylaw@troypllc.com
*Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

**ARGUMENT** ................................................................................................................ 1

**I.   Plaintiffs are Entitled for Reasonable Attorneys' Fees and Costs** ................................. 1

**II.    Plaintiffs' Application for Attorneys' Fees is Based Upon Reasonable Hours Worked and Reasonable Hourly Rates** ................................................................................. 2

**a.   The Hours Spent and Rate Sought on this Matter are Reasonable** ........................ 3

**III.   Plaintiffs Seek Compensable Costs** ...................................................................... 6

**CONLCUSION** ........................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509 (S.D.N.Y. 2011) ..................................... 2, 4

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182 (2d Cir.
    2007, amended Apr. 10, 2008)................................................................................................. 2, 3

*Bambu Sales, Inc. v. Ozak Trading, Inc*., 58 F.3d 849 , 854 (2d Cir. 1995)................................... 2

*Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020) . 5

*Blum v. Stenson*, 465 U.S. 886 (1984) .......................................................................................... 3

*Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S.
    Dist. LEXIS 107831 (S.D.N.Y. Oct. 4, 2010) ......................................................................... 2

*Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373
    (S.D.N.Y. Sep. 30 2010)....................................................................................................... 6, 7

*Gagne v. Maher*, 594 F. 2d 336 (2d Cir. 1979) ............................................................................ 3

*Grant v. Martinez,* 973 F. 2d 96 (2d Cir. 1992)............................................................................ 3

*Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, at *2
    (S.D.N.Y. Mar. 27, 2002) ....................................................................................................... 3

*Hassan v. New York City*, No. 11-cv-05382 (JBW) (VMS), 2014 U.S. Dist. LEXIS 26194
    (E.D.N.Y. Feb. 10, 2014)........................................................................................................ 4

*Hu et al v.226 Wild Ginger Inc. et al*, 1:17-cv-10161-JGK-KNF (S.D.N.Y., 2020)..................... 6

*Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281 (E.D.N.Y. 2012) ................................... 4

*Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019) ..... 5

*Keystone Global LLC v. Auto Essentials, Inc.*, 12 Civ. 9077, 2015 U.S. Dist. LEXIS 5612, 2015
    WL 224359 (S.D.N.Y. Jan. 16, 2015) .................................................................................... 1

*Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900 (S.D.N.Y. Nov. 24,
    2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) ........ 7

*LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748 (2d Cir. 1998)....................................................... 6

*Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128 (S.D.N.Y.
    Nov. 10, 2014) ........................................................................................................................ 7

*Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611 (S.D.N.Y. 2012) ................................ 7

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984)...........................................................3

*Perdue v. Kenny A.*, 559 U.S. 542 (2010)........................................................................................3

*Rios v. Louya Corp.*, 2015 WL 5918194 (S.D.N.Y. Oct. 8, 2015)....................................................4

*Sajvin v. Singh Farm Corp.*, No. 17-CV-04032, 2018 U.S. Dist. LEXIS 137485 (E.D.N.Y. Aug. 13, 2018) ......................................................................................................................................5

*Sanchez v. I&A Rest. Corp.*, 2017 WL 2537814 (S.D.N.Y. May 22, 2017)....................................4

*Tackie v. Keff Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229.....................................................................................................................................2, 4

*Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y., 2018) ....................6

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105 (2d Cir. 1997)..........................................................................................................1

*Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ..........2

*Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402 (RLE), 2010 U.S. Dist LEXIS 90736 (S.D.N.Y. 2010) ............................................................................................................................................4

*Zhang v. Chongqing Liuyishou Gourmet NJ Inc.* 2:18-cv-10359-CCC-SCM (D.N.J. Nov. 26, 2019) ............................................................................................................................................5

**Statutes**

29 U.S.C. § 216(b) ............................................................................................................................1

N.Y. C.L.S. Labor § 198(1-a) ..........................................................................................................1

N.Y. C.L.S. Labor § 633(1) ..............................................................................................................1

## <u>ARGUMENT</u>

A successful Plaintiff is entitled to reasonable attorneys' fees under both the FLSA and NYLL, 29 U.S.C. § 216(b); NYLL § 198. Under the FLSA, "[a]ny employer who violates the [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be…." and "[t]he court in such action shall, in addition to any judgment award to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b) Under the NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, [and] all reasonable attorney's fees…." N.Y. C.L.S. Labor § 198(1-a), N.Y. C.L.S. Labor § 633(1) (any employee paid less than the statutory minimum wage "shall recover in a civil action the amount of any such underpayments, together with costs [and] all reasonable attorney's fees"). The Plaintiffs are the prevailing parties entitled to recover attorneys' fees and costs under the FLSA and NYLL.

Where a defendant has defaulted, all of the facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105 , 108 (2d Cir. 1997); *Keystone Global LLC v. Auto Essentials, Inc.*, 12 Civ. 9077, 2015 U.S. Dist. LEXIS 5612 , 2015 WL 224359 , at *3 (S.D.N.Y. Jan. 16, 2015).

### I. Plaintiffs are Entitled for Reasonable Attorneys' Fees and Costs

Under the FLSA, a court shall, "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. 216(b). "[D]efault is an admission of all well-pleaded allegations against the defaulting

1

party." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co*., 373 F.3d 241, 246 (2d Cir. 2004).

A "default judgment entered on well-pleaded allegations in a complaint establishes a defendant's

liability." *Bambu Sales, Inc. v. Ozak Trading, Inc*., 58 F.3d 849 , 854 (2d Cir. 1995) (quoting *Trans*

*World Airlines, Inc. v. Hughes*, 449 F.2d 51 , 69 (2d Cir. 1971), r*ev'd on other grounds*, 409 U.S.

363 , 93 S. Ct. 647 , 34 L. Ed. 2d 577 (1973)).

**II.  Plaintiffs' Application for Attorneys' Fees is Based Upon Reasonable Hours Worked and Reasonable Hourly Rates**

In assessing attorneys' fees in wage and hour cases, courts "ordinarily award a lodestar fee,

which is the product of the prevailing market rate for lawyers in the district and the number of

hours a reasonable attorney would spend to litigate the case effectively." *See Tackie v. Keff*

*Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229, at \*6.

The amount is calculated based on "(1) a consideration of the number of hours actually spent by

counsel and other personnel that are deemed reasonably necessary to the successful outcome for

the client and (2) the setting of reasonable hourly rates for counsel, a criterion most recently, if

opaquely, described as 'the rate a paying client would be willing to pay.'" *Briese Lichttechnik*

*Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831, at

\*4 (S.D.N.Y. Oct. 4, 2010).

The lodestar figure is thus often referred to as a "presumptively reasonable fee." *Arbor Hill*

*Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182, 190 (2d Cir. 2008).

As in other civil rights cases, attorneys' fees in FLSA cases "need not be proportional to the

damages Plaintiffs recover, because the award of attorneys' fees in such cases encourages the

vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783

F. Supp. 2d 509, 511 (S.D.N.Y. 2011). In considering a fee request, courts should thus avoid

placing "an undue emphasis on the amount of plaintiff's recovery." *Id*. (quoting *Grochowski v. Ajet*

2

*Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, 2002 WL 465272 , at *2 (S.D.N.Y. Mar. 27, 2002)).

### a.  The Hours Spent and Rate Sought on this Matter are Reasonable:

The Plaintiffs may recover attorneys' fees through the preparation of their fee application. *See Gagne v. Maher*, 594 F. 2d 336, 343–344 (2d Cir. 1979). Accordingly, the Plaintiffs seek fees from the time they began client intake through the date of this application. Hours worked are deemed reasonable if, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F. 2d 96, 99 (2d Cir. 1992). The time devoted to this action by Plaintiffs' counsel is set forth in detail in the contemporaneous time entries attached to the declaration of John Troy that specify, for each personnel, the date, the hours expanded, and the nature of work done. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136, 1147–48 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984). A reasonable fee is "one that is sufficient to induce a capable attorney to undertake a representation of a meritorious… case." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The lodestar figure looks to "the prevailing market rates in the relevant community." *Id.* at 551 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The assessment of hourly rates involves the courts adopting the viewpoint of the client, and confirming that the hourly rates reflect "the rate[s] a paying client would be willing to pay." *Arbor Hill*, 522 F. 3d at 190. The prevailing market rates for attorneys in the Southern District is found in several recent decisions that review other court filings. See *e.g.*, *De Hui Mu v. Han Dynasty Nyu Corp.*, 2018 U.S. Dist. LEXIS 181110, at *6 (S.D.N.Y. Oct. 17, 2018) (finding associate with five years of experience's hourly rate of $325 reasonable in evaluating fairness of a settlement); *Pastor v. ABC Metro Cleaners, Inc.*, 2018 U.S. Dist. LEXIS 210589, at *5-6 (S.D.N.Y. Dec. 12, 2018) (finding fee of $450 reasonable for partner and $400 at senior associate reasonable in evaluating fairness of settlement). As for paralegal work,

in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable." Rosales, 2018 WL 286105, at *2.

Five years ago, "reasonable hourly rates in the Eastern District of New York "are approximately $300–$450 per hour for partners, $200–300 per hour for senior associates, and $100–200 per hour for junior associates" *See Hassan v. New York City*, No. 11-cv-05382 (JBW) (VMS), 2014 U.S. Dist. LEXIS 26194, at *5–6 (E.D.N.Y. Feb. 10, 2014)) (quoting *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298–99 (E.D.N.Y. 2012) (internal citations omitted) (listing cases)). Similarly, the prevailing market rates for attorneys in the Southern District five years ago is found in several recent decisions that review other court filings. *See e.g., Sanchez v. I&A Rest. Corp*., 2017 WL 2537814, at *4 (S.D.N.Y. May 22, 2017) ($450 per hour for a wage and hour litigation partner who has practiced since 1980s was reasonable); *Rios v. Louya Corp.*, 2015 WL 5918194, at *3 (S.D.N.Y. Oct. 8, 2015) (courts in the district award hourly rates "between $350 and $450 for partners with significant employment litigation experience"); *Tackie*, 2014 WL, 4626229, at *7 ($400 per hour for partner with 11 years of wage and hour litigation was "consistent with prevailing rate for partners litigating wage and hour cases in" SDNY and EDNY); Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012)  (finding rates between $250 and $450 for experienced civil rights and employment law litigators); *Wong v. Hunda Glass Corp*., No. 09 Civ. 4402 (RLE), 2010 U.S. Dist LEXIS 90736 (S.D.N.Y. 2010).  (awarding $350 per hour to two employment attorneys with twelve years of legal experience); *Allende*, 783 F. Supp. 2d. at 514-515 (finding rates of $450 for partners and for associates between $200 and $300, citing cases).

However, just as the New York State minimum wage has increased from $8.00 to $15.00 for New York City employers (an 87.5% increase) over the past five years, the prevailing market

rates and caps for partners/ associates representing clients in wage-and-hour cases in the Second Circuit has increased as well. *See*, *e.g.*, *Sajvin v. Singh Farm Corp.*, No. 17-CV-04032, 2018 U.S. Dist. LEXIS 137485, at *25 (E.D.N.Y. Aug. 13, 2018) (allowing English-speaking only partner with 128 cases in the Eastern District of New York an hourly fee of $500 and an associate with only fifty wage and hour cases in total an hourly fee of $250). In *Sajvin*, Magistrate Reyes notes that "The passage of time warrants an increase in attorney's fees" in the Eastern District, since the upper limit of $450 was in place since 2013 because otherwise attorneys would choose to file in the Southern District two miles away instead.

Accordingly, as described in detail in the Declaration of John Troy, Plaintiffs' attorneys request hourly rates that are either on par or slightly above the rates routinely given in District Courts throughout this nation and as such request to grant Troy Law Managing Partner John Troy ($550), Aaron Schweitzer ($350), Adam Dong ($150), Bella Ho ($150), and Managing Clerk Preethi Kilaru ($200).

Mr. Troy has previously been awarded $550.00 per hour in *Hu et al v.226 Wild Ginger Inc. et al*, 1:17-cv-10161-JGK-KNF (S.D.N.Y. Oct. 7, 2020); *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.* 2:18-cv-10359-CCC-SCM (D.N.J. Nov. 26, 2019); $400 in *Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); $400 in *Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020); $400 in *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018).

Mr. Schweitzer was previously awarded $350.00 per hour in 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc*. (D.N.J. Nov. 26, 2019); $225 per hour in *Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); $225 per

hour in *Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020).

Ms. Ho had previously been awarded an hourly rate of $150 in Singh *et al. v. Dany Restoration et al*, No. 17-cv-03787(JMF).

Ms. Kilaru was previously awarded $200 per hour in *Hu et al v.226 Wild Ginger Inc. et al*, 1:17-cv-10161-JGK-KNF (S.D.N.Y. Oct. 7, 2020); $150 per hour in 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.* Ms. Huang was previously being awarded an hourly rate of $150 in *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018).

Accordingly, in support of this rates, Plaintiffs have provided a summary of legal experiences of attorneys, in the Declaration of John Troy in support of Plaintiffs motion for attorney fee application.

### III. Plaintiffs Seek Compensable Costs

The Plaintiffs are entitled to recover "those reasonable out-of-pocket expenses by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748, 763 (2d Cir. 1998) (citation omitted); *see also Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373, at *24–25 (S.D.N.Y. Sep. 30 2010) (awarding $6,184.08 in costs related to court filings, transcription services and interpreter fees); *Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900, at *21 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) (awarding "amounts paid for translation services, court fees, and court-reporting services, for a total of $26,098.80").

Plaintiffs request reimbursement for the court filing fees as well as expenses incurred for case filing, research, postage, process servers, and printing. These costs are all reasonable and courts have allowed them in similar cases. *See*, *e.g.*, *Marquez v Erenler, Inc.*, No. 12-cv-8580

(GHW), 2014 U.S. Dist. LEXIS 159128, at *9–10 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition and interpreter expenses); *Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); Allende 505; *Cao v. Wu Liang Ye Lexington Rest., Inc*., No. 08-cv-03725 (DC), 2010 U.S. Dist. LEXIS 109373, at *24 (S.D.N.Y. Sep. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter). The costs expended in this action by Plaintiffs' counsel is set forth in detail in the exhibit attached to the declaration of John Troy.

## **CONLCUSION**

For the foregoing reasons, the Plaintiffs respectfully requests that the Court award attorneys' fees and costs sought in the application of Plaintiffs' counsels.

Dated: Flushing, NY
         December 28, 2020

> Respectfully submitted,
> TROY LAW, PLLC
> *Attorneys for Plaintiff*
>
>  /s/ John Troy
>     John Troy