UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FENG LIN, *on behalf of himself and others similarly situated*,

                 Plaintiff,

      *v.*

QUALITY WOODS, INC., *d/b/a* QUALITY WOODS; D C CABINET FACTORY INC., *d/b/a* QUALITY WOODS; METROPOLITAN CABINET FACTORY, INC., *d/b/a* QUALITY WOODS; AOTIN TRADING INC., *d/b/a* QUALITY WOODS; CHAMPION CABINET, INC., *d/b/a/* QUALITY WOODS; WEI GAO; WEI ZHAN CHEN, *a/k/a* DEAN CHEN; DING CHEN; and JAMES WANG,

                 Defendants.

**ORDER TO SHOW CAUSE**
17-CV-3043-DLI-SJB

**BULSARA, United States Magistrate Judge:**

The Court orders attorney John Troy ("Troy") to show cause why Rule 11 sanctions should not be imposed upon him and his firm, Troy Law, PLLC ("Troy Law"). Troy Law, for the last four years, prosecuted this case against a bevy of parties that Troy alleged employed Plaintiff Feng Lin ("Plaintiff" or "Lin"). But they never did. And this fact was easily verifiable. The Court simply asked Plaintiff—under oath—about the many parties named as Defendants. He had not heard of some of them. Others had not employed him. Individuals who Troy said owned the business were not Plaintiff's employer. Addresses where Troy said Plaintiff worked were locations of companies with similar names as or with attenuated connections to Plaintiff's actual employer, but not ones where Plaintiff ever worked. Through the course of the litigation, Troy submitted affidavits, sworn under penalty of perjury, containing these same falsehoods.

And while all of this was easily verifiable, Troy chose not to verify anything. Instead, he proceeded to seek default judgments over the course of four years. There have been five attempts to serve Defendants. Troy has sought default judgment twice. Each time the Court has denied the motions for obvious and patent deficiencies—failure to serve Defendants properly, to comply with rules regarding default judgments, and irreconcilable conflicts in briefs about where Plaintiff worked and when, among others. And even now, although an evidentiary hearing made plain that one of the remaining Defendants could not possibly be liable, Troy persists in seeking default judgment. The Court cannot countenance such conduct, and the Rules flatly prohibit litigating recklessly like an ostrich with its head in the sand, immune to facts. Indeed, the behavior is sanctionable, and Troy must now explain why that consequence should not follow.

This case was commenced on May 19, 2017, by the filing of a Complaint signed and submitted by Troy. (Compl. dated May 19, 2017 ("Compl."), Dkt. No. 1). The Complaint named nine Defendants: Quality Woods, Inc. ("Quality Woods"), D C Cabinet Factory Inc. ("D C Cabinet Factory"), Metropolitan Cabinet Factory, Inc. ("Metropolitan Cabinet"), Aotin Trading Inc. ("Aotin Trading"), Champion Cabinet, Inc. ("Champion Cabinet"), Wei Gao, Wei Zhan Chen, Ding Chen, and James Wang. (*Id.* ¶¶ 9, 12, 15, 18, 21, 26, 28, 30, 32). The Complaint alleged that Lin was employed by Quality Woods, D C Cabinet Factory, Metropolitan Cabinet, Aotin Trading, and Champion Cabinet from March 1, 2015 to May 28, 2016. (*Id.* ¶¶ 8, 24, 35, 50). The Complaint also stated that all five corporations are located at 1340 Metropolitan Avenue, Brooklyn, New York ("1340 Metropolitan Avenue") and have the same owners. (*Id.* ¶¶ 35–36). It further alleged that the individual Defendants Wei Gao, Wei Zhan Chen, Ding Chen, and James Wang

managed Lin and were collectively the "officers, directors, managers, and/or majority shareholders or owners" of the corporate Defendants. (*Id.* ¶¶ 25–33).

The action was litigated against all nine Defendants for over three years. Initially, Troy "filed three separate sets of affidavits pertaining to service of the Summons and Complaint." *Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043, 2019 WL 1450746, at *2 (E.D.N.Y. Jan. 28, 2019), *report and recommendation adopted*, Order (Mar. 31, 2019). The first set indicated "that on May 26, 2017 at 3:30 PM, each Defendant was served with the Complaint at 1340 Metropolitan Avenue, Brooklyn, New York 11237 by delivery to a manager, Tong 'Doe.'" *Id.* The second set indicated that, on August 15, 2017 at 11:25 AM, all Defendants were again served to 1340 Metropolitan Avenue, this time to a manager Alsie Doe. *Id.* The third set of affidavits of service were styled as amended versions of the second set, and the affidavits indicated that on August 15, 2017 at 11:25 AM, all Defendants were served by delivery to Alsie Doe at a different address, 40 East Merrick Road, Freeport, New York, 11520 ("40 East Merrick Road"). *Id.* On May 31, 2018, Troy requested a certificate of default as to each Defendant; under penalty of perjury, he affirmed that service on each Defendant was proper by delivery to Alsie Doe, the manager of the corporate Defendants, to 40 East Merrick Road on August 15, 2017. (Aff. in Supp. of Req. for Certificate of Default dated May 31, 2018 ("May 31 Troy Aff."), Dkt. No. 34).

Then, on June 21, 2018, Lin moved for a default judgment against all nine Defendants. *Feng Lin*, 2019 WL 1450746, at *2. In support of this first motion, Troy Law submitted an affidavit by Lin in which Lin averred that he worked for Quality Woods at 40 East Merrick Road, (Decl. of Feng Lin in Supp. of Pls.' Mot. for Default J. dated June 9, 2018 ("June 9 Lin Decl."), Dkt. No. 37, ¶ 3), as opposed to the 1340

3

Metropolitan Avenue address.  He also averred that Wei Gao, Wei Zhan Chen,[1] Ding Chen, and James Wang were "co-owners of Quality Woods" and that each of them "had the power to hire and fire [him], set [his] wages, set the terms and conditions of [his] employment, and had the authority to maintain [his] employment records."  (*Id.* ¶ 18).  This first motion for default judgment was denied on March 31, 2019 for improper service of the Complaint and the default judgment motion.  *Feng Lin*, 2019 WL 1450746, at *8.  In making its report and recommendation, this Court noted numerous inconsistencies in Troy Law's submissions.  *Id.* at *5–8.  These inconsistencies included that the executed summonses purported service was completed "at the same time on the same person at two addresses far removed from each other," *id.* at *5, and that Troy's sworn affidavits about service were inconsistent with his costs application, which included contemporaneous billing records suggesting service was accomplished on different days, *id.* at *6–7, among others.  In adopting the report and recommendation, Judge Irizarry directed Lin to file proof of service upon each Defendant by May 1, 2019. (Order dated Mar. 31, 2019).

On April 9, 2019, Troy submitted a letter to the Court purporting to explain the multiple sets of affidavits of service.  (Letter dated Apr. 9, 2019, Dkt. No. 50).  He stated that, "[s]ometime after Defendants were served with the Complaint, Plaintiff learned that Defendants have moved to a new location": the 40 East Merrick Road address.  (*Id.* at 1).  Troy averred that, after that discovery, he directed the Defendants be reserved at that address, but the process server listed 1340 Metropolitan Avenue by mistake.  (*Id.*). The third set of affidavits of service, Troy explained, were actually amended versions of

---

[1] In his declaration, Lin spells the name "Wei Zhang Chen"; the Court presumes this is a clerical error.

the second set, made to reflect the service actually accomplished after Troy noticed the error in May 2018.  (*Id.*).  Troy then stated that he intended to renew Lin's motion for default judgment.  (*See id.* at 2).

Troy took no action for over a year.  And on May 14, 2020, the Court issued an Order to Show Cause directing Lin to explain why the case should not be dismissed for the year-long failure to prosecute the case.  (Order to Show Cause dated May 14, 2020).  In response, Troy filed a letter reiterating that he believed all Defendants were properly served by delivery to Alsie Doe at 40 East Merrick Road and seeking permission to renew the motion for default judgment.  (Letter dated May 20, 2020, Dkt. No. 51).  The Court, unconvinced that service was properly effectuated, extended the time for Lin to serve the Complaint to August 26, 2020.  (Order dated May 28, 2020).

Troy filed an affidavit of service on June 22, 2020—his fourth attempt at properly serving Defendants.  (Aff. of Service dated June 22, 2020, Dkt. No. 52).  The affidavit stated that Quality Woods, Metropolitan Cabinet, Champion Cabinet, and Wei Gao were served with a summons and motion for summary judgment on June 18, 2020 at 1:50 PM by delivery to Wei Gao at both 158-03 Sanford Avenue, Apartment 3D, Flushing, New York 11358 ("158-03 Sanford Avenue") and 1340 Metropolitan Avenue.  (*Id.* at 1).  Following the filing of the affidavit, Troy sought a second certificate of default for these four Defendants.  (Req. for Clerk's Certificate of Default dated Aug. 19, 2020, Dkt. No. 53).  In support of the request, Troy submitted an affirmation—made under penalty of perjury—affirming that Wei Gao was the principal of Quality Woods, Metropolitan Cabinet, and Champion Cabinet, and that he and the three entities were all properly served.  (Aff. in Supp. of Req. for Certificate of Default dated Aug. 19, 2020 ("Aug. 19 Troy Aff."), Dkt. No. 53, ¶¶ 7–8).

On September 8, 2020, this Court issued yet another Order to Show Cause directing Troy Law, by September 11, 2020, to explain the inconsistencies in the executed summons and show cause why the action should not be dismissed against Defendants D C Cabinet, Aotin Trading, Wei Zhan Chen, Ding Chen, and James Wang, who were not listed in the fourth executed summonses.  (Order to Show Cause dated Sept. 8, 2020).  Among the inconsistencies:

- The executed summons indicated that a "Summons with Motion for Summary Judgment in Lieu of Complaint, including Notice, Affirmation in Support, and Exhibits" were served, though this action was initiated by the filing of a Complaint and no summary judgment motion was filed in this case.

- The executed summons indicated that these documents were served at both 158-03 Sanford Avenue, which is in Queens, and 1340 Metropolitan Avenue, which is in Brooklyn, at the exact same time.

- Three photographs are attached to the executed summons, they depict, respectively, a building door labeled "158 03," an apartment door labeled "3D," and an individual.  The attachment indicates that these photographs are of 1340 Metropolitan Avenue, not 158-03 Sanford Avenue.

(*See id.*; *see also* Aff. of Service dated June 22, 2020, Dkt. No. 52).

In response, Aaron Schweitzer ("Schweitzer")—managing associate of Troy Law— appeared in the case and filed a letter that stated:

Upon conferring with our client it is discovered that Defendants D C CABINET FACTORY INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; WEI ZHAN CHEN a/k/a Dean Chen; DING CHEN; and JAMES WANG, were the sub-landlord, co-tenants and corporate representatives.  As such, Plaintiff has voluntarily dismissed this action without prejudice against Defendants D C CABINET FACTORY INC. d/b/a Quality Woods; AOTIN TRADING INC. d/b/a Quality Woods; WEI ZHAN CHEN a/k/a Dean Chen; DING CHEN; and JAMES WANG.

Lastly, Plaintiff's [sic] would also like to dismiss METROPOLITAN CABINET FACTORY, INC. d/b/a Quality Woods based on the new DOS entity information, which shows the CEO as WEI ZHAN CHEN a/k/a Dean Chen and no longer WEI GAO as the registered agent.  Plaintiff's [sic] are not aware when this change was made.  As such, Plaintiff's [sic] would like

to voluntarily dismiss METROPOLITAN CABINET FACTORY, INC. d/b/a
Quality Woods.

(Letter dated Sept. 11, 2020 ("Sept. 11, 2020 Letter"), Dkt. No. 58, at 4).  That day,

Schweitzer filed a notice of voluntary dismissal as to D C Cabinet Factory, Aotin

Trading, Metropolitan Cabinet, Wei Zhan Chen, Ding Chen, and James Wang.  (Notice

of Voluntary Dismissal of Defs. dated Sept. 11, 2020, Dkt. No. 57).

On December 23, 2020, Lin moved for a default judgment a second time, against

Quality Woods, Champion Cabinet, and Wei Gao.  (Notice of Mot. for Default J. dated

Dec. 28, 2020, Dkt. No. 67).  Troy filed the motion with a declaration made by Lin under

penalty of perjury which stated Lin was employed by Quality Woods at 40 East Merrick

Road.  (Decl. of Feng Lin in Supp. of Pls.' Mot. for Default J. dated Dec. 2, 2020 ("Dec 2

Lin Decl."), attached as Ex. 5 to Decl. of John Troy in Supp. of Pl.'s Mot. for Default J.

dated Dec. 28, 2020, Dkt. No. 68, ¶ 3).  The motion was denied for failure to comply

with Local Civil Rule 55.2.  (Order dated Jan. 5, 2021).

On January 19, 2021, Lin filed a third motion for default judgment, again against

Quality Woods, Champion Cabinet, and Wei Gao.  (Notice of Renewed Mot. for Default

J. dated Jan. 19, 2021 ("Mot."), Dkt. No. 81).  The motion reattaches Lin's declaration

submitted with the second motion for default judgment, (Decl. of Feng Lin in Supp. of

Pls.' Mot. for Default J. dated Dec. 2, 2020, attached as Ex. 11 to Decl. of John Troy in

Supp. of Mot. dated Jan. 19, 2021 ("Jan. 19 Troy Decl."), Dkt. No. 82).  It also attaches a

second affidavit by Lin, dated June 28, 2017, and labelled "EEOC Complainant

Affidavit."  (EEOC Complainant Aff. dated June 28, 2017 ("EEOC Aff."), attached as Ex.

13 to Jan. 19 Troy Decl., Dkt. No. 82).

This affidavit appears to have been drafted in support of an EEOC Charge of Discrimination.  (EEOC Aff.; *see also* Invoice attached as Ex. 2 to Letter dated Aug. 24, 2018, Dkt. No. 37, at 2 (listing multiple time entries for work completed by Schweitzer on an EEOC charge)).  In it, Lin avers he was employed by Quality Woods at 1340 Metropolitan Avenue.  (EEOC Aff. ¶¶ 4–5).  He also avers that, "as of April 16, 2017, the name of my employer changed to Champion Cabinet" and that Champion Cabinet was located at 40 East Merrick Road, Freeport, New York.  (*Id.* ¶¶ 6–7).  He further explains that both Quality Woods and Champion Cabinet were "owned and managed" by Wei Gao.  (*Id.* ¶ 8).  In the affidavit, he describes two phone calls with Wei Gao in July and August 2016.  (*Id.* ¶¶ 29–31, 33–36).  He also explains D C Cabinet Factory was a tile and window company that also occupied the warehouse at 1340 Metropolitan Avenue and sublet space to Quality Woods.  (*Id.* ¶ 44).  When he initially filed a report to the Department of Business about Quality Woods, it was accidentally routed to D C Cabinet Factory, which Lin acknowledged was "the wrong company."  (*Id.* ¶ 50).  D C Cabinet Factory was evidently managed by a Ding Chen.  (*Id.*).

The Court conducted an inquest on May 19, 2021.  (Min. Entry and Order dated May 19, 2021; Tr. of Civil Cause for Inquest Hr'g dated May 19, 2021 ("Inquest Tr."), Dkt. No. 105).  Lin testified under oath at the inquest that he worked for Quality Woods, which was owned by Wei Gao alone, from March 2015 to May 28, 2016.  (Inquest Tr. at 5:05–:12, 7:15–8:02, 12:15–:19, 15:14–16:11).  He testified multiple times that he worked only at the 1340 Metropolitan Avenue location, (*id.* at 5:23–:24, 6:12–:17), and that he never worked on Long Island, (*id.* at 9:03–:05, 13:02–:04), including at the 40 East Merrick Road address.  He also testified multiple times that he had never worked for, and in some cases never heard of, Champion Cabinet, Aotin Trading, Metropolitan

Cabinet, Wei Zhan Chen or Dean Chen, or James Wang.  (*Id.* at 8:13–:19, 9:06–:22, 12:07–:12, 13:05–:07, 16:20–17:02, 22:19–:21).  He testified that D C Cabinet Factory was another tenant of the warehouse at 1340 Metropolitan Avenue, owned by Ding Chen, and that D C Cabinet Factory had no other relationship to Quality Woods.  (*Id.* at 11:24–12:06, 23:13–25:06).  He explained that he never worked for D C Cabinet Factory or Ding Chen.  (*Id.* at 8:13–:19, 9:13–:15, 11:24–12:06, 25:01–:06).  He did not know anyone named "Alsie," (*id.* at 11:01–:03), but he did testify that, while working for Quality Woods, he had a coworker named "Tong," who was his peer and had no management role in the business or ownership in the company, (*id.* at 9:23–10:07).  Lin called Tong "Old Man" because of his age.  (*Id.* at 26:08–:14).

The Court's Authority to Impose Sanctions

The Court is empowered to *sua sponte* impose sanctions under Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides that

> sanctions may be imposed on a person who signs a pleading, motion, or other paper for an improper purpose such as to delay or needlessly increase the cost of litigation, or does so without a belief, formed after reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

*Caisse Nationale de Credit Agricole v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994).  Where a party is represented by counsel, Rule 11 sanctions may be imposed on that party's attorney or her law firm or both.  *See* Fed. R. Civ. P. 11(c)(3).  Rule 11 sanctions may be imposed *sua sponte*.  *Id.*  A court may only impose such sanctions when it concludes that the lawyer acted with "subjective bad faith."  *In re Pennie & Edmonds LLP*, 323 F.3d 86, 87 (2d Cir. 2003); *see, e.g.*, *Jianjun Chen v. WMK 89th St. LLC*, No. 16-CV-5735, 2020 WL 2571010, at *9–10 (S.D.N.Y. May 20, 2020) (imposing $5000

9

sanctions upon Troy Law after "find[ing] many indicia that Mr. Troy and Troy Law advanced . . . [an] argument in bad faith").

"[T]he main purpose of Rule 11 is to deter improper behavior, not to compensate the victims of it or punish the offender."  5A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1336.3 (4th ed. 2021).  "In other words, Rule 11 is intended to ensure that an attorney will 'stop, think and investigate' before filing 'baseless papers.'"  *Zlotnick v. Hubbard*, 572 F. Supp. 2d 258, 271–72 (N.D.N.Y. 2008) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990)); Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (explaining that "[t]he rule . . . require[s] litigants to 'stop-and-think' before initially making legal or factual contentions").  "[T]he affirmative duty of investigation as to both law and fact is absolute."  Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 7(A) (6th ed. 2020); *see, e.g.*, *Klein v. Aicher*, No. 19-CV-9172, 2020 WL 4194823, at *9–10 (S.D.N.Y. July 21, 2020) (imposing Rule 11 sanctions where "neither Plaintiff nor his counsel conducted a reasonable inquiry into [Plaintiff's] allegations before filing the complaint"); *Gelfman Int'l Enters. v. Miami Sun Int'l Corp.*, No. 05-CV-3826, 2009 WL 2242331, at *11 (E.D.N.Y. July 27, 2009) (imposing Rule 11 sanctions on plaintiff's counsel where "counsel's decision to include factually unsupportable allegations in the amended complaint, the litigation" was "needlessly prolonged by more than three years"), *reconsideration denied*, 2009 WL 2957849 (Sept. 10, 2009).  The Rule also requires that, should an attorney learn later in litigation a claim is not supported by the law or facts, he promptly inform the court.  *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 307 (S.D.N.Y. 2005) ("[I]f counsel learns that a claim has become unsupportable after filing, sanctions may be appropriate if that claim is not withdrawn."); Fed. R. Civ. P. 11

advisory committee's note to 1993 amendment ("[A] litigant's obligations with respect to the contents of . . . papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit."); *see, e.g.*, *AJ Energy LLC v. Woori Bank*, 829 F. App'x 533, 535–36 (2d Cir. 2020) (affirming Rule 11 sanctions on plaintiff's counsel where they persisted in litigating frivolous claims).

Sanctions imposed under Rule 11 may include monetary penalties payable to the Court or "nonmonetary directives." Fed. R. Civ. P. 11(c)(4). Nonmonetary sanctions "most prominent[ly]" include reprimands, orders to participate in continuing legal education, and disciplinary referrals. 5A Wright & Miller et al., *supra*, § 1336.3.[2]

The Court directs Troy and Troy Law to show cause why Rule 11 sanctions should not be issued. Troy signed and submitted multiple documents to this Court with demonstrably false information, and he has submitted multiple affidavits by Lin and others which also contain false statements.

Most importantly, it is clear to the Court that Troy knew or should have known this information was false. Specifically:

---

[2] In addition to the sanctions authority in Rule 11, a federal court possesses the "inherent power to police itself." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Flowing from this inherent power is the authority to sanction recalcitrant litigants and their counsel. For example, a court may "sanction an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Bao Guo Zhang v. Shun Lee Palace Rest., Inc.*, No. 17-CV-840, 2021 WL 634717, at *4 (S.D.N.Y. Feb. 16, 2021) (quoting *Chambers*, 501 U.S. at 45–46) (issuing an order to show cause to Troy and Troy Law for why they should not be sanctioned under the court's inherent powers for the "assertion and continuation of meritless claims").

*Prosecution Against Uninvolved Defendants*

- The Complaint, signed and submitted by Troy, indicates that Lin worked for Champion Cabinet, D C Cabinet Factory, Aotin Trading, Metropolitan Cabinet, Wei Zhan Chen, Ding Chen, and James Wang. (*See, e.g.*, Compl. ¶¶ 8, 24, 36, 39, 80). As stated in Troy Law's letter to the Court on September 11, 2020, some three years later, and by Lin at the inquest, Lin never actually worked for any of those entities or individuals. (Sept. 11, 2020 Letter; Inquest Tr. at 8:13–:19, 9:06–:22, 11:24–12:12, 13:05–:07, 16:20–17:02, 22:19–:21, 25:01–:06).

- In support of the first motion for default judgment, filed in 2018, Troy signed and submitted a memorandum of law which repeated that Lin worked for D C Cabinet Factory, Metropolitan Cabinet Factory, Aotin Trading, Champion Cabinet, Wei Zhan Chen, Ding Chen, and James Wang. (Mem. of Law in Supp. of Pl.'s Mot. for Default J. dated June 21, 2018, Dkt. No. 38, at 5, 12). As stated in Troy Law's letter to the Court on September 11, 2020, and by Lin at the inquest, Lin never actually worked for any of those entities or individuals. (Sept. 11, 2020 Letter; Inquest Tr. at 8:13–:19, 9:06–:22, 11:24–12:12, 13:05–:07, 16:20–17:02, 22:19–:21, 25:01–:06).

- In support of the first motion for default judgment, Troy submitted an affidavit signed by Lin—made under penalty of perjury—in which Lin stated that Wei Zhan Chen, Ding Chen, and James Wang were "co-owners of Quality Woods who had the power to hire and fire [him], set [his] wages, set the terms and conditions of [his] employment, and had the authority to maintain [his] employment records." (June 9 Lin Decl. ¶ 18). At the inquest, Lin admitted this was false. (Inquest Tr. at 15:14–16:11). The affidavit is in English, which Lin does not speak, and the reasonable inference to be drawn is that Troy or his firm prepared the affidavit. (June 9 Lin Decl. ¶ 21 ("This document has been translated to me in my native language of Chinese, and I fully comprehend the contents.")).

- In support of his second request for an entry of default, filed in 2020, Troy signed and submitted an affirmation—made under penalty of perjury—that Wei Gao was the principal of Metropolitan Cabinet. (Aug. 19 Troy Aff. ¶ 7). Lin stated at the inquest that he had never worked for and, indeed, never heard of Metropolitan Cabinet. (Inquest Tr. at 9:06–:12).

- In support of the third motion for default judgment, filed in 2021, Troy signed and submitted a declaration, made under penalty of perjury, that Lin worked for Champion Cabinet at 40 East Merrick Road, Freeport, New York. (Jan. 19 Troy Decl. ¶ 11). At the inquest, Lin reiterated multiple times that he never worked for Champion Cabinet and that he never worked at this address or on Long Island at all. (Inquest Tr. at 9:03–:05, 13:02–:07, 16:22–17:02, 22:19–:21).

*False Representations to the Court*

- In support of the first motion for default judgment, Troy submitted an affidavit signed by Lin—made under penalty of perjury—in which he stated that he was employed by Quality Woods at 40 East Merrick Road. (June 9 Lin Decl. ¶ 3). At the inquest, Lin reiterated multiple times that he never worked for Quality Woods at this address or on Long Island at all. (Inquest Tr. at 9:03–:05, 13:02–:04).

- In support of the second and third motions for default judgment, Troy submitted an affidavit by Lin, made under penalty of perjury, in which Lin asserts he was employed by Quality Woods at 40 East Merrick Road. (Dec. 2 Lin Decl. ¶ 3). At the inquest, Lin reiterated multiple times that he never worked for Quality Woods at this address or on Long Island at all. (Inquest Tr. at 9:03–:05, 13:02–:04). Again, because Lin does not speak English, the reasonable inference is that Troy or his firm prepared the affidavit. (Dec. 2 Lin Decl. ¶ 21 ("This document has been translated to me in my native language of Chinese, and I fully comprehend the contents.")).

- On June 8, 2017, Troy filed nine affidavits of service of the summonses and Complaint, each pertaining to one of the original nine Defendants. Each affidavit related to one of the five corporate Defendants, Quality Woods, Champion Cabinet, D C Cabinet Factory, Aotin Trading, and Metropolitan Cabinet, indicates that service was affected by delivery to Tong "Doe," a man between 51 and 61 years-old, who was "a managing agent thereof authorized to accept service" on behalf of the entity. (Executed Summonses dated May 30, 2017, Dkt. Nos. 7–11). At the inquest, Lin testified that he had a co-worker named Tong, nicknamed "Old Man," who had no managerial role or ownership interest in Quality Woods. (Inquest Tr. at 9:23–10:07; 26:08–:14). In other words, Lin testified that Tong was not a "managing agent" or otherwise authorized to accept service on behalf of Quality Woods, and nothing indicates he is or was ever authorized to accept service on behalf of any other of the corporate Defendants.

- In support of Lin's request for a certificate of default, Troy submitted an affirmation—made under penalty of perjury—that all Defendants were properly served by delivery to Alsie Doe at 40 East Merrick Road. (May 31 Troy Aff. ¶¶ 6–14). It is clear from Lin's testimony at the inquest that this address is not affiliated with, at minimum, D C Cabinet Factory, Aotin Trading, Metropolitan Cabinet, Wei Zhan Chen, Ding Chen, or James Wang, even though Troy affirmed under oath that they were properly served with process there.

- In the declaration submitted in support of the third motion for default judgment, Troy asserted that Champion Cabinet "moved its business from 1340 Metropolitan Avenue, Brooklyn to 38 E Merrick Rd, Freeport, NY 11520 and 40 E Merrick Rd, Freeport, NY 11520." (Jan. 19

Troy Decl. ¶ 10).   In support of this assertion, he attaches an exhibit indicating that a different company, Champion Cabinet *Factory* Inc.—incorporated on December 13, 2018—is located at that address.  (LexisNexis Records dated Jan. 19, 2021, attached as Ex. 6 to Jan. 19 Troy Decl., Dkt. No. 82).[3]

In other words, between the commencement of this lawsuit on May 19, 2017 and the filing of the notice of dismissal as to D C Cabinet Factory, Aotin Trading, Metropolitan Cabinet, Wei Zhan Chen, Ding Chen, and James Wang on September 11, 2020, Troy and Troy Law sought certificates of default from all of them once, Metropolitan Cabinet twice, and moved for a default judgment once, and otherwise indicated to the Court multiple times that Lin worked for and was entitled to monetary relief from them.  Even now, after four years and Lin's repeated testimony that he never worked for Champion Cabinet and had never even heard the company's name or been to the location aside from driving past the store (an assertion which the Court does not find credible), (Inquest Tr. at 9:03–:05, 13:02–:07, 16:22–17:02, 22:19–:25), Troy Law seeks default judgment against Champion Cabinet, (Mot.).

At best, Troy and Troy Law litigated this case for several years without conducting the slightest investigation into Lin's claims.  The allegations in the Complaint—signed and submitted by Troy—were flatly contradicted by Lin after the most cursory examination by the Court.  Lin's employer and place of employment were easily discoverable through basic questioning, and one interpretation of Troy's conduct here is that he simply failed to speak with his client or perform any due diligence on his client's situation before filing this lawsuit.  This would, on its own, merit sanctions

---

[3] This information is also reflected in the Secretary of State website: Champion Cabinet *Factory* Inc. has a service of process address of 40 East Merrick Road, while Champion Cabinet Inc.—the Defendant in this case—was incorporated on October 3, 2016 and has a service of process address of 1340 Metropolitan Avenue.

under Rule 11.  Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an *inquiry reasonable under the circumstances* . . . the factual contentions have evidentiary support[.]"); *see, e.g.*, *Klein*, 2020 WL 4194823, at *9; *Gelfman Int'l Enters.*, 2009 WL 2242331, at *11.  Another interpretation is that Troy and Troy Law submitted multiple false statements in affidavits in pursuit of a judgment against people and businesses which Troy knew had no relationship to Lin or his wage-and-hour claims in an effort to procure a judgment against effectively innocent bystanders.  It appears this is not the first time Troy or his firm have engaged in the practice of asserting and maintaining claims against businesses with no relationship to plaintiffs.  *See, e.g.*, *Ji Li v. New Ichiro Sushi, Inc.*, No. 14-CV-10242, 2020 WL 2094095, at *11–12 (S.D.N.Y. Apr. 30, 2020) (sanctioning Troy and Troy Law under 28 U.S.C. § 1927 for pursuing wage-and-hour claims against certain defendants "even after ample evidence was adduced at trial that [those defendants] were *not* employers of" their clients), *appeal filed on other grounds*, No. 20-1783 (2d Cir. June 4, 2020); *Ruixuan Cui v. E. Palace One, Inc.*, No. 17-CV-6713, 2019 WL 4573226, at *4, *6 (S.D.N.Y. Sept. 20, 2019) (reciting accusations from defendants that the plaintiff, represented by Troy and Troy Law, baselessly brought wage-and-hour claims against unrelated defendants, including that he "merely brought claims against individuals whose 'names somehow appear in public records of numerous dissolved corporations'").

Separately, it also appears that Troy and Troy Law made numerous representations to the Court that service was properly accomplished when the record is clear they failed to do so.  Troy has filed numerous affidavits of service to the Court

which purport to evidence service on Defendants, and filed multiple affirmations made under penalty of perjury that service was proper.  Despite multiple warnings via Orders to Show Cause, and directly contradictory testimony by his client, Troy has persisted in claiming that Defendants were properly served multiple times when it is clear to the Court that many Defendants were purportedly "served" multiple times at addresses they have never been affiliated with, or by delivery to people Troy understood—or should have understood—had no authority to accept service on their behalf.  This would also not be the first time Troy and his firm were sanctioned for doubling down on bad-faith assertions that their adversaries were properly served.  *See, e.g.*, *Jianjun Chen*, 2020 WL 2571010, at *10 ("Failing to muster any factual or legal support for the assertion that a defendant was properly served, but nevertheless repeatedly presenting those arguments to the Court in an *ex parte* application for default judgment warrants sanctions under both Rule 11 and the Court's inherent authority—particularly on the facts here, which demonstrate that Troy Law failed to effective service properly on multiple occasions, while explicitly affirming that they had.").

For these reasons, Troy and Troy Law are directed to show cause why they should not be sanctioned under Rule 11 by **June 18, 2021**.

SO ORDERED.

*/s/ Sanket J. Bulsara* June 4, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

16